**Thein Tony VU, Petitioner–Appellant,**

v.

**Derral G. ADAMS; Attorney General of the State of California, Respondents–Appellees.**

No. 06–15419.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 7, 2006.

---

* This panel unanimously finds this case suit-   able for decision without oral argument. *See*

**590**

J.M. Irigoyen, Fresno, CA, for Petitioner–Appellant.

Raymond Brosterhous, II, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: NOONAN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Thein Tony Vu was convicted by a California state jury of conspiracy to commit murder and attempted murder, among other crimes. After exhausting his direct appeals in the state courts, he filed a petition for federal habeas corpus pursuant to 28 U.S.C. § 2254, alleging that the state court had committed constitutional error by (1) failing to instruct the jury *sua sponte* of the lesser included offenses of attempted voluntary manslaughter and conspiracy to commit voluntary manslaughter; (2) presenting insufficient evidence of intent to kill to support a conviction for conspiracy to commit murder. The district court denied the petition, holding that the state court's decision not to instruct on lesser offenses did not present a federal constitutional question and that the state court reasonably found that there was sufficient evidence of Vu's guilt to support his conspiracy conviction. The district court further held that the state appellate court's rulings on both these issues were not contrary to, or an unreasonable application of, clearly established federal law.

Vu now appeals. The district court granted a Certificate of Appealability on the issue of the omitted jury instructions, but not on the insufficiency claim. In his brief, Vu raises both certified and uncertified issues. We deal with each in turn.

*Certified Issue: The Omitted Jury Instructions*

The Supreme Court has held that, in capital cases, a trial court's failure to instruct the jury on a lesser offense if there is evidence to support that instruction amounts to constitutional error. *Beck v. Alabama,* 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). It has remained silent, however, on whether *Beck* reaches non-capital cases. Because there is no clearly established Supreme Court law on

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

this issue, the district court did not err in denying the writ.

*Uncertified Issue: Insufficiency of the Evidence Due to Lack of Corpus Delicti*

Vu argues for the first time on appeal that the evidence of conspiracy was insufficient for lack of corpus delicti—that is, the state failed to present any evidence, independent of Vu's own confession, to show that an agreement existed between Vu and his alleged co-conspirators to kill the victim. We decline to expand the Certificate of Appealability to include this new claim. Nor will we reach the merits of Vu's claim since he failed both to exhaust this claim in state court and raise the issue before the district court.

For the foregoing reasons, the judgment is AFFIRMED.